IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUEEN Y'DNEW, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-5903 |
| | : | |
| LNV CORPORATION, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**SÁNCHEZ, J.**                                                                                         **NOVEMBER 27, 2024**

Plaintiff Wendy Palmer[1] commenced this civil action by filing a *pro se* Complaint (ECF No. 2). The Court granted Palmer leave to proceed *in forma pauperis*. (*See* ECF Nos. 1, 9.) For the following reasons, the Complaint will be dismissed upon screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.      FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[2]

Palmer alleges she "is the owner of record of property at 7510 Woodcrest Avenue, Philadelphia, Pennsylvania 19151." (Compl. at 4.) She states that, on October 26, 2000, she

---

[1] As explained in a prior Order, the court understands Wendy Palmer, the individual, to be the Plaintiff in this case, as an individual may represent herself *pro se*. (*See* ECF No. 9 at 1 n.1 (citing, *inter alia*, *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196, 201-02 (1993); *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018)).) To the extent any artificial entities, such as trusts, are pursuing claims, Palmer may not represent those entities, and only natural persons may qualify to proceed *in forma pauperis*. (*Id.*)

[2] The following factual allegations are taken from the Complaint (ECF No. 2) and publicly available records of which this Court takes judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system. The Court has also taken into consideration the numerous Exhibits Palmer filed. (*See* ECF No. 2-1.)

"entered into a contract consisting of a Promissory Note purportedly 'secured' by a mortgage." (*Id.* at 7.) Although the facts are difficult to decipher, she appears to allege that financial interests in her mortgage contract were subsequently assigned by her original lender to other entities in 2000 and 2001, and her mortgage may have been "securitized . . . without Plaintiff's knowledge" at some unspecified point. (*Id.* at 7-10.) She names numerous corporations or other artificial entities and their officers as Defendants. (*See id.* at 1, 5-6.)

Across forty-four "counts," Palmer claims violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, as well as various criminal statutes. (*See generally* Compl. at 10-53.) She seeks money damages totaling nearly $300 million. (*See id.* at 56-61.) She does not appear to seek injunctive relief. However, she repeatedly mentions a Notice to Defend and Civil Action Mortgage Foreclosure (*see, e.g., id.* at 11), and the Court notes there is a mortgage foreclosure action pending in the Philadelphia Court of Common Pleas concerning the subject property and involving many of the parties to this case. *See LNV Corp. v. Palmer*, No. 240400049 (C.P. Phila.).

## II.   STANDARD OF REVIEW

The Court granted Palmer's motion for leave to proceed *in forma pauperis* in a prior Order. (*See* ECF No. 9.) Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim to relief, an inquiry governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Palmer's favor, and "ask only whether that complaint, liberally construed, contains facts

2

sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Palmer is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (internal quotations omitted). The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

3

## III.   DISCUSSION

Palmer's Complaint, even liberally construed, fails to state any claim to relief. Although the Complaint is over fifty pages long, with further pages of exhibits attached, the only clear factual allegation Palmer makes is that she took on a mortgage in October 2000 and it was assigned, sold, or transferred to other entities at some point between then and November 2001.[3] (Compl. at 7-9.) Her allegations about the subsequent transactions involving her mortgage and the purported breaches of statutory duties by the various Defendants in relation thereto are nothing more than conclusory recitations of statutory language. Her Complaint does not contain a short and plain statement of her entitlement to relief or "present cognizable legal claims to which a defendant can respond on the merits." *Garrett*, 938 F.3d at 93-94.

### A.   Claims under RESPA, TILA, and FDCPA

In counts one (1) and two (2) of the Complaint, Palmer alleges violations of RESPA as codified at 28 U.S.C. §§ 2603 and 2604, respectively. These counts fail to state a claim to relief because there is no private right of action created by those sections of RESPA. *See, e.g.*, *Taggart*

---

[3] A large portion of Palmer's exhibits appear to reflect "sovereign citizen" arguments about her identity. (*See generally* ECF No. 2-1 at 10-43.) These exhibits neither state nor support any claim to relief. "[L]egal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement" is nothing more than a nullity. *See United States v. Wunder*, No. 16-9452, 2019 WL 2928842, at *5 (D.N.J. July 8, 2019) (discussing the futility of the sovereign citizen verbiage in collection claim for student loan); *United States v. Crawford*, No. 19-15776, 2019 WL 5677750, at *3 (D.N.J. Nov. 1, 2019) (holding that criminal defendant's attempt to use fake UCC financing statements against prosecutor was a legal nullity); *Banks v. Florida*, No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and stating that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars"); *see also Miller v. PECO Exelon*, 775 F. App'x 37, 38 (3d Cir. 2019) (*per curiam*) (affirming dismissal of claims as legally baseless where plaintiff provided no factual or legal support for the conclusion that defendants' refusal to accept his coupons as payment for monies owed for utility services gave rise to a federal cause of action).

*v. Wells Fargo Home Mortgage, Inc.*, No. 10-00843, 2010 WL 3769091, at *5 (E.D. Pa. Sept. 27, 2010) (citing, *inter alia*, 12 U.S.C. § 2614). Accordingly, counts one and two will be dismissed with prejudice.

Counts three (3) through nine (9) of the Complaint allege violations of 28 U.S.C. § 2605, because Palmer claims not to have been notified when she took out her loan in October 2000 that it may be assigned, sold, or transferred, nor was she notified of any of the subsequent transactions involving her mortgage. (*See* Compl. at 11-14.) "In order to bring a claim under RESPA, a plaintiff must sufficiently allege one of two types of damages: (1) actual damages to the borrower as a result of the failure to comply with § 2605; or (2) statutory damages in the case of a pattern or practice of noncompliance with the requirements of § 2605." *Giordano v. MGC Mortgage, Inc.*, 160 F. Supp. 3d 778, 781 (D.N.J. 2016) (internal quotations and citations omitted); *see also Stevens v. Citigroup, Inc.*, No. 00-3815, 2000 WL 1848593, at *3 (E.D. Pa. Dec. 15, 2000) (explaining that "a plaintiff cannot proceed on RESPA claims without alleging some actual damage attributable to defendant's violation of the statute"). Although Palmer makes bare assertions of entitlement to damages, she does not plead facts tying the Defendants' purported violations of RESPA to any injuries she suffered, or facts establishing a pattern or practice of noncompliance. Accordingly, her RESPA claims in counts three through nine will be dismissed without prejudice.

In counts ten (10) through twenty (20), Palmer alleges TILA and FDCPA violations. However, these claims consist entirely of conclusory allegations and recitations of statutory language, devoid of facts. (*See generally* Compl. at 15-24.) They fail to present any cognizable

5

claim to which the Defendants could respond on the merits.  Accordingly, counts ten through twenty will be dismissed without prejudice.[4]

Moreover, all of the claims raised under RESPA, TILA, and FDCPA are facially untimely.  As discussed above, Palmer alleges that she took out her loan in 2000, and the Court understands her to allege that the assignment or transfer of her loan happened sometime in 2000 or 2001.  Claims under RESPA must be brought within one (1) to three (3) years of the alleged violation.  *See* 12 U.S.C. § 2614.  The limitations period begins to run "from the date of the occurrence of the violation," *id.*, which "begins at the closing of the loan," *Cunningham v. M&T Bank Corp.*, 814 F.3d 156, 160 (3d Cir. 2016).  Claims under the TILA also must be brought within one (1) to three (3) years of the alleged violation.  *See* 15 U.S.C. § 1640(e).  The United States Court of Appeals for the Third Circuit has held that these statutes of limitations are not jurisdictional and therefore can be equitably tolled.  *See In re Cmty. Bank of N. Va. Mortg. Lending Practices Litig.*, 795 F.3d 380, 400 n.20 (3d Cir. 2015).

Under the FDCPA, an action must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).  "[T]he statute of limitations clause in the FDCPA falls under the heading, 'Jurisdiction,' and, consequently, there is split authority among the circuits regarding whether or not the limitations period is jurisdictional, meaning that it would not be subject to equitable tolling." *Rotkiske v. Klemm*, No. 15-3638, 2016 WL 1021140, at *5 (E.D. Pa. Mar. 15, 2016) (first citing *Mattson v. U.S. W. Commc'ns, Inc.*, 967 F.2d 259, 261 (8th

---

[4] Palmer's count thirty-eight (38) cites 12 C.F.R. § 1024.37, a regulation regarding "force-placed insurance" under RESPA.  However, the Complaint merely quotes the regulation and then provides a list of "[s]ome companies currently under investigation for force[]-placed insurance malfeasance," none of which are parties to this action.  (Compl. at 48-49.)  In an abundance of caution, the Court will dismiss this claim without prejudice in the event Palmer can allege any facts to suggest that she is entitled to relief under this regulation.

Cir. 1992), then citing *Marshall-Mosby v. Corp. Receivables, Inc.*, 205 F.3d 323, 327 (7th Cir. 2000)), *aff'd*, 890 F.3d 422 (3d Cir. 2018), *aff'd*, 589 U.S. 8 (2019). "However, at least two Third Circuit Court of Appeals cases have considered equitable tolling arguments related to FDCPA claims." *Id.* (citing *Kliesh v. Select Portfolio Servicing, Inc.*, 527 F. App'x 102, 104 (3d Cir. 2013), and *Glover v. F.D.I.C.*, 698 F.3d 139, 151 (3d Cir. 2012)).

A statute of limitations is an affirmative defense that normally must be raised in an answer to the complaint. *See* Fed. R. Civ. P. 8(c). "[A] complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense." *Schmidt v. Skolas*, 770 F.3d 241, 248 (3d Cir. 2014). "However, the law of this Circuit (the so-called 'Third Circuit Rule') permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (internal quotation marks and citations omitted). Although the RESPA, TILA, and FDCPA claims will be dismissed for the reasons discussed above, the Court notes that among the facts missing from the Complaint are any allegations regarding a later start date or equitable tolling for the statutes of limitations that apply to Palmer's facially untimely claims.[5]

---

[5] Additionally, the Court notes Palmer filed a counseled action in 2013 against Defendant MGC Mortgage, Inc., which appears to have concerned the same property and the same mortgage, and which alleged RESPA and FDCPA violations; that case was dismissed with prejudice after a settlement. *See Palmer v. MGC Mortgage, Inc.*, No. 13-1734 (E.D. Pa.). "Claim preclusion—which some courts and commentators also call *res judicata*—protects defendants from the risk of repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (internal quotations omitted). Claim preclusion prevents parties from raising issues that could have been raised and decided in a prior case regardless of whether those issues were litigated. *Id.* In other words, "[t]he prior judgment's preclusive effect . . . extends not only to the claims that the plaintiff brought in the first action, but also to any claims the plaintiff could have asserted in the previous lawsuit." *Id.* at 231-32. "Claim preclusion similarly reaches theories of recovery: a plaintiff who asserts a different theory of recovery in a separate lawsuit cannot avoid

B.     **Criminal Statutes**

Palmer's counts twenty-one (21) through thirty-five (35), thirty-seven (37), and forty (40) through forty-four (44) seek damages based on purported violations of criminal statutes. (*See generally* Compl. at 24-41, 43-47, 50-53.) Criminal statutes generally do not give rise to a basis for civil liability. *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."). Indeed, the United States Supreme Court has stated that, unless specifically provided for, federal criminal statutes rarely create private rights of action. *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone."); *Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 377 (1958) (stating where a statute "contains only penal sanctions for violation of it provisions; in the absence of a clear expression of congressional intent to the contrary, these sanctions should

---

claim preclusion when the events underlying the two suits are essentially the same." *Id.* at 232. Three elements are required for claim preclusion to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted). With regard to the second element, claims against individuals who were not parties to the prior lawsuit may be precluded in certain circumstances, including when there is a substantive legal relationship between the party and nonparty. *Taylor v. Sturgell*, 553 U.S. 880, 893-94 (2008). "With respect to affirmative defenses, such as res judicata, dismissal is proper if application of the defense is apparent on the face of the complaint; [the Court] may also look beyond the complaint to public records, including judicial proceedings." *Weinberg v. Scott E. Kaplan, LLC*, 699 F. App'x 118, 120 n.3 (3d Cir. 2017); *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (*per curiam*) (observing that "*[r]es judicata* is a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)"). Because Palmer's claims in this case are deficient in the ways described above, it is difficult to determine at this time how they might relate to that prior action and whether claim preclusion might apply. However, the Court notes that any claim Palmer might attempt to bring in this case that was brought or could have been brought in that prior action may be precluded.

under familiar principles be considered exclusive, rather than supplemented by civil sanctions of a distinct statute"). The fact that a federal statute has been violated and some person harmed does not automatically give rise to a civil claim for the injured person. *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979); *Cannon v. University of Chicago*, 441 U.S. 677, 689 (1979). Because these counts of Palmer's Complaint seek damages based solely on alleged violations of criminal statutes, the Court concludes an amendment would be futile, and they will be dismissed with prejudice.[6] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

### C.  RICO Claims

In count thirty-six (36), Palmer alleges that certain Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). (*See* Compl. at 42-43.) RICO provides that: "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern racketeering activity or collection of unlawful debt." Subsection 1962(d) of the statute makes it unlawful for any person to conspire to violate 18 U.S.C. § 1962 subsections (a) through (c). To allege a plausible claim, a plaintiff must adequately set forth the following elements of civil RICO: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.

---

[6] The Court will also dismiss Palmer's count thirty-nine (39) with prejudice, because it seeks relief based on a Pennsylvania state regulation that does not provide a private right of action. (*See* Compl. at 49-50 (citing 10 Pa. Code § 48.3, which provides "guidance as to what the Department [of Banking and Securities] will consider when reviewing licensee conduct for dishonest, fraudulent or illegal practices or conduct in any business, unfair or unethical practices or conduct in connection with the mortgage loan business and negligence or incompetence in performing any act for which a licensee is required to hold a license under the act and examples of these kinds of activities within the context of the mortgage loan business")).

*Sedima, S.P.R.L., v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985).  Additionally, a plaintiff must allege plausibly that he has been injured in his business or property as a result of the alleged racketeering activity.  *Id.*  A "pattern" of racketeering activity requires at least two predicate acts of racketeering.  *See* 18 U.S.C. § 1961(5); *Sedima, S.P.R.L.*, 473 U.S. at 496 n.14.  Section 1961 provides an exclusive list of those acts that can constitute racketeering activity for the purposes of pleading violation of RICO, including such things as any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, and fraud.  *See Annulli v. Panikkar*, 200 F.3d 189, 199 (3d Cir. 1999).

Palmer's RICO claim fails to plausibly allege any of the elements.  Crucially, she includes no allegations of any of the predicate acts of racketeering activity.  Accordingly, count thirty-six of the Complaint will be dismissed without prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Palmer's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Counts 1, 2, 21-35, 37, and 39-44 will be dismissed with prejudice because amendment of those counts would be futile.  Counts 3-20, 36, and 38 will be dismissed without prejudice.  In light of Palmer's *pro se* status, she will be given an opportunity to file an amended complaint, in the event she can cure the defects in those claims dismissed without prejudice as set forth above.  An appropriate Order follows, which provides further instruction about amendment.

**BY THE COURT:**

/s/ Juan R. Sánchez
**JUAN R. SÁNCHEZ, J.**