IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **QUEEN Y'DNEW,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 24-CV-5903** |
| | : | |
| **LNV CORPORATION**, *et al.*, | : | |
|     **Defendants.** | : | |

# ORDER

AND NOW, this 27th day of November, 2024, upon consideration of Plaintiff Wendy Palmer's[1] *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. The Complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for the reasons stated in the Court's Memorandum, as follows:

    a. Counts one, two, twenty-one to thirty-five, thirty-seven, and thirty-nine to forty-four (1, 2, 21-35, 37, and 39-44) of the Complaint are **DISMISSED WITH PREJUDICE**.

    b. Counts three through twenty, thirty-six, and thirty-eight (3-20, 36, and 38) are **DISMISSED WITHOUT PREJUDICE**.

2. Palmer may file an amended complaint within thirty (30) days of the date of this Order **only as to those counts dismissed without prejudice (3-20, 36 and 38)**. Any amended

---

[1] As explained in a prior Order, the court understands Wendy Palmer, the individual, to be the Plaintiff in this case, as an individual may represent herself *pro se*. (*See* ECF No. 9 at 1 n.1 (citing, *inter alia*, *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196, 201-02 (1993); *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018)).) To the extent any artificial entities, such as trusts, are pursuing claims, Palmer may not represent those entities, and only natural persons may qualify to proceed *in forma pauperis*. (*Id.*)

complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Palmer's claims against each defendant. The amended complaint must provide as much identifying information for the defendants as possible. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting her amended complaint, Palmer should be mindful of the Court's reasons for dismissing the claims in her initial Complaint as explained in the Court's accompanying Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

3. The Clerk of Court is **DIRECTED** to send Palmer a blank copy of the Court's form complaint for a non-prisoner filing a civil rights action bearing the above civil action number. Palmer may use this form to file her amended complaint if she chooses to do so.

4. If Palmer does not wish to amend her Complaint and instead intends to stand on her Complaint as originally pled, she may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976)); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court

"expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

5.      If Palmer fails to file any response to this Order, the Court will conclude Palmer intends to stand on her Complaint and will issue a final order dismissing this case.[2]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**


/s/ Juan R. Sánchez
**JUAN R. SÁNCHEZ, J.**

---

[2]  The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible").